## BICKNELL and another vs. TALLMAN.

1. COURT COMMISSIONER — TRANSFER OF CASE. — A court commissioner has no power to make an order transferring a case from the county court to the circuit court of the same county on the ground of the prejudice of the judge of the former court.

2. PROMISSORY NOTE. — A person who has no interest in a promissory note, cannot maintain an action thereon.

(4 Chand., 95.)

ERROR to the County Court for *Rock* County.

Assumpsit on a promissory note, against the makers, *Edwin* and *Charles Bicknell*, by *Tallman* as indorsee thereof. After the defendant had pleaded the general issue, upon petition alleging as ground therefor, that the judge of the county court was prejudiced against them, etc., they applied to a court com missioner for an order transferring the cause to the circuit court of the same county for trial. The court commissioner, after hearing counsel for the parties, granted the order as asked for. At the next term of the county court the cause appeared on the calendar of causes for trial, and the defendant's counsel moved to strike it off on the ground that it had been transferred to and was then pending in the circuit court, but the court denied the motion, and when the cause was reached in its order proceeded to try the same, disregarding the order so made by the court commissioner. After the note had been given in evidence, the defendant offered to prove by one Parker, that the plaintiff at the time of the commencement of the suit had not, and had never since had, any title to or interest whatever in the note sued on. Objection being made, the court excluded the evidence and the plaintiff had a verdict and judgment for the amount of the note. The defendants brought error.

*Matt. H. Carpenter*, for plaintiffs in error, contended that the court commissioner had power to transfer the case from the county court to the circuit court for the cause stated, and that

Bicknell and another vs. Tallman.

the order of the commissioner divested the county court of jurisdiction to try the case. R. S., ch. 95, § 1; Laws, 1850, ch. 53 ; R. S., ch. 131, § 5. That the court erred in excluding the evidence offered as to ownership of the note. *Badger v. Jones*, 12 Pick., 371.

*Chas. H. Parker*, for defendant in error.

HOWE, J. The court commissioner of Rock county made an order transferring this cause from the county court to the circuit court of Rock county by reason of alleged prejudice in the judge, notwithstanding which the county court proceeded in the cause to give judgment, and the first question presented upon the record is, whether the commissioner had power to make such an order.

The office of court commissioner is one created by statute, and he has no powers but what are conferred. We are all convinced that no such power ought to be conferred by the legislature upon that officer, and we therefore feel assured that no such power has been conferred.

But upon the trial, the defendant offered to prove by a witness called upon the stand by the plaintiff, that "at the time of the commencement of the suit the plaintiff had not, never since has had, and has not now any title to or interest whatever in" the note upon which the suit was instituted. This testimony was objected to and overruled. This offer was very broad, as I should infer (from what was said upon the argument), much broader than the defendant could comply with.

But we are not permitted to rest upon any such interested inference. Very likely, as was argued by the defendant in error, the possessor of the promissory note who has *any* interest therein may maintain suit upon it. But the defendant offered to show that plaintiff had *no interest whatever* in the note sued upon. If the fact was so, he could not be the rightful owner of the note. Payment to him would be no discharge against the right owner. Judgment recovered by him

would be no bar to a subsequent suit by the right owner. And we think such proof ought to have been received, and that the judgment of the county court must therefore be reversed.

Judgment reversed.